UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| CHARLENE-PAIGE FULLER, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 14-cv-14168 |
| v. | ) | |
| | ) | (Leave to file granted 6/11/2015) |
| CAROL HIGGINS O'BRIEN, CHRISTINE | ) | |
| M. VERDINI, RAYMOND W. | ) | |
| MARCHILLI, JR., COLETTE M. | ) | |
| GOGUEN, THOMAS E. DICKHAUT, | ) | |
| JOHN FLOWERS, MHM | ) | |
| CORRECTIONAL SERVICES, INC., | ) | |
| MASSACHUSETTS PARTNERSHIP FOR | ) | |
| CORRECTIONAL HEALTHCARE, | ) | |
| LINDA ALBOHN, MEAGHAN DUPUIS, | ) | |
| SHARLENE SULLIVAN, JOEL T. | ) | |
| ANDRADE and ROBERT DIENER, | ) | |
| Defendants. | ) | |

_____ )

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Charlene-Paige Fuller provides this notice of supplemental authority to bring to the Court's attention two recent actions that offer additional support for Ms. Fuller's pending motion for a preliminary injunction:  (1) a preliminary injunction requiring the California Department of Corrections and Rehabilitation to provide sex reassignment surgery to an inmate diagnosed with gender dysphoria, *see Norsworthy v. Beard*, No. 3:14-cv-00695-JST (N.D. Cal. Apr. 2, 2015), attached as Exhibit A ("Order Granting Motion for Preliminary Injunction, Granting Request for Judicial Notice, and Denying Motion to Strike"); and (2) a submission in another pending litigation by the United States in support of an inmate diagnosed with gender dysphoria who is challenging the Georgia Department of Corrections' withholding of constitutionally adequate treatment, *see Diamond v. Owens*, No. 5:15-cv-50-MTT-CHW (M.D. Ga. Apr. 3, 2015), attached as Exhibit B ("Statement of Interest of the United States").  Both the

district court decision in *Norsworthy* and the United States' submission in *Diamond* post-date the filing of Ms. Fuller's reply brief in support of her motion for a preliminary injunction.

*First*, in *Norsworthy v. Beard*, the court granted a motion for a preliminary injunction to an inmate diagnosed with gender dysphoria, ordering the California Department of Corrections and Rehabilitation to "take all of the actions reasonably necessary to provide Norsworthy with sex reassignment surgery as promptly as possible."  Ex. A at 38.  Like Ms. Fuller, Ms. Norsworthy's untreated gender dysphoria causes her to suffer from severe anxiety and its physical manifestations.  *See id.* at 2 ("The 'psychological and emotional pain' and 'frustration and agony' she experiences mean that she is 'unable [] to complete [her] existence or complete who [she is].' At times, the anxiety caused by her gender dysphoria causes symptoms such as sleeplessness, cold sweats, hypervigilance, panic attacks, and mood swings.").  The court held that Ms. Norsworthy's gender dysphoria constituted a "serious medical need" that the defendants deliberately ignored, demonstrating a likelihood of success on the merits.  *Id.* at 24-34.  Further, the court concluded that Ms. Norsworthy's "'excruciating' 'psychological and emotional pain' as a result of her gender dysphoria" constituted irreparable harm; alternatively, the court found "the deprivation of Norsworthy's constitutional rights under the Eighth Amendment" to be "itself sufficient to establish irreparable harm." *Id.* at 34-36.

The *Norsworthy* decision provides additional support for Ms. Fuller's arguments that the Defendants have acted with deliberate indifference in failing to provide her adequate treatment for a serious medical need and that Ms. Fuller's daily suffering, in violation of the Eighth Amendment, amounts to irreparable harm appropriately addressed by the grant of a preliminary injunction. *See* Dkt. 8, Memorandum in Support of Motion for Preliminary Injunction ("Mem.")

at 10-18; Dkt. 39, Reply Memorandum in Support of Motion for Preliminary Injunction

("Reply") at 1-11.

**Second**, in *Diamond v. Owens*, an inmate diagnosed with gender dysphoria brought an

Eighth Amendment challenge to the Georgia Department of Corrections' withholding of

constitutionally adequate treatment.  Ex. B at 1.  Ms. Diamond, like Ms. Fuller, seeks treatment

that includes the ability to "outwardly express her female gender identity through dress and

adherence to female grooming standards."  *Id.* at 6.

The United States' Statement of Interest in support of Ms. Diamond (submitted pursuant

to 28 U.S.C § 517, which permits the Attorney General to represent to the interests of the United

States in any case pending in a federal court) makes clear that "[f]ailure to provide individualized

and appropriate medical care for inmates suffering from gender dysphoria violates the Eighth

Amendment's prohibition on cruel and unusual  punishment."  *Id.*  The United States emphasizes

that the Eighth Amendment requires treatment based on "current professional standards of care,"

which it considers in this context to be those set forth by the World Professional Association for

Transgender Health.  *Id.* at 10-12.  Further, the United States noted that the withdrawal of Ms.

Diamond's previous treatment "caused her great suffering" including "physical pain, muscle

spasms, heart palpitations, vomiting, dizziness, [and] hot flashes."  *Id.* at 13.  According to the

United States, the Georgia Department of Corrections "made no efforts to provide Ms. Diamond

with anything beyond general counseling and antipsychotic medication," which falls below the

standard required under the Eighth Amendment.  *Id.* at 14.  The similarities between Ms.

Diamond's situation and Ms. Fuller's—including the withdrawal of previously successful

treatment and lack of individualized care that comports with current professional standards—

lend further support to Ms. Fuller's motion for a preliminary injunction.  Mem. at 12-15; Reply at 6-8.

For the reasons set forth in Ms. Fuller's Memorandum in Support of Motion for Preliminary Injunction, Ms. Fuller reiterates her request for injunctive relief, and requests that the Court set a date for a hearing on her motion at its earliest convenience.


Dated:   June 11, 2015                 /s/ Felicia H. Ellsworth
                                       Felicia H. Ellsworth (BBO #665232)
                                       Rebecca Bact (BBO #682411)
                                       Allison Trzop (BBO #688328)
                                       Michelle Liszt Sandals (BBO #690642)
                                       WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                       60 State Street
                                       Boston, MA  02109
                                       (617) 526-6000 (t)
                                       (617) 526-5000 (f)
                                       felicia.ellsworth@wilmerhale.com

                                       *Attorneys for Plaintiff*

## **<u>Certificate of Service</u>**

I hereby certify that on June 11, 2015, I caused a true and accurate copy of the foregoing document to be served by electronic mail on counsel for Defendants.


<u>*/s/ Felicia H. Ellsworth*</u>
Felicia H. Ellsworth